IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JULIUS MONTGOMERY,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES FITZPATRICK, *State's Attorneys Office*,<br><br>    Defendant. | Civil Action No.:  CCB-21-1669 |

**MEMORANDUM**

Plaintiff Julius Montgomery, an inmate currently incarcerated at Harford County Detention Center, filed the above-captioned Complaint, accompanied by a Motion for Leave to Proceed in Forma Pauperis.  ECF Nos. 1, 2.  Montgomery filed an Amended Complaint pursuant to this Court's August 13, 2021 Order.  ECF No. 4.  Because Montgomery appears indigent, he shall be granted leave to proceed in forma pauperis.  However, for reasons stated below, the Amended Complaint shall be dismissed.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee.  Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The Amended Complaint does not include a caption, but substantively references State's Attorney Charles Fitzpatrick as the only defendant in this matter.  ECF No. 4.  Montgomery's allegations are still largely incomprehensible, but cites malfeasance in violation of 18 U.S.C. §§

241 and 242 as well as the Federal Tort Claims Act. *Id.* at 1. He states that he filed a Maryland Rule 4-252 Motion on the "Defects on the Institution of the Prosecution," which he attaches, and further alleges ex parte communication between the parties regarding hiring an attorney to represent Plaintiff in his criminal case. *Id.* at 2, 3. Plaintiff also attaches a 15-page "Points and Authorities" that contains extensive legal terms and citations, but provides no further factual support for a claim. *See id.* at 7-21.

As Plaintiff was cautioned by the Court, this cause of action cannot be maintained because it is prohibited by the doctrine of prosecutorial immunity. Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118, that "[a] prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

The decisions as to whether, when, and how to prosecute pertain to the role of advocate. Montgomery provides little to no factual information regarding the actions taken by Defendant in

Montgomery's criminal proceedings; instead, he offers only conclusory statements and unsupported legal citations. Therefore, State's Attorney Fitzpatrick enjoys absolute immunity in this case. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Because the Complaint fails to provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Montgomery's behalf, it shall be dismissed pursuant to § 1915(e)(2). Montgomery is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

A separate order follows.

   10/26/21                                    /S/
Date                                              Catherine C. Blake
                                                    United States District Judge